## THE STATE OF NEW JERSEY v. JOHN L. GONNEION.

Submitted July 5, 1902—Decided November 10, 1902.

On the trial of an indictment containing two counts, the first charging the defendant with assault and battery, and the second charging him with assault with intent to kill, the jury, having retired to consider their verdict, returned into court and announced that they found the defendant "guilty of assault and battery with intent to scare." The trial judge refused to accept this verdict and sent them out again with an instruction that they "must find the defendant not guilty, or guilty, in one of the forms as charged in the indictment." *Held*, that there was no error in this judicial action.

On error to the Essex Quarter Sesssions.

Before GUMMERE, CHIEF JUSTICE, and Justices VAN SYCKEL, FORT and GARRETSON.

For the plaintiff in error, *John Bishop.*

For the state, *Louis Hood,* assistant prosecutor of the pleas.

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. The indictment in this case contained two counts, the first charging the defendant with the crime of assault and battery, and the second charging him with an assault with intent to kill. The jury having retired to consider their verdict, returned into court and announced that they found the defendant "guilty of assault and battery with intent to scare." The trial judge refused to accept this verdict, and sent them out again, with an instruction that they "must find the defendant not guilty, or guilty, in one of the forms as charged in the indictment."

This judicial action is assigned for error.

That the verdict as rendered was not proper in form is apparent. It seems to us, also, clear that it could not have been so moulded by the court as to certainly express the

conclusion reached by the jury. That they considered the prisoner guilty ·of assault and battery, of course, appears; but it is equally obvious that they· did not intend that this should be taken as the full extent of their finding. In this situation it was clearly within the power of the trial court to refuse to receive and record the verdict and to send the jury out for further consideration of the case. Such is declared to be the proper practice in *Bac. Abr., tit. "Verdict"* (*G*), where it is said: "If a jury who, by mistake, or from partiality, have given an improper verdict, go together again, at the recommendation, or by the leave, of the judge, before the improper verdict is recorded, and afterwards give a different verdict, the verdict last given shall stand."

In the case of *Pritchard* v. *Hennessy,* 1 *Gray* 294, it is stated that "the practice of. sending out a jury when they return a finding that is absurd or defective has existed for more than four hundred years." And, in support of this declaration, a case from the "Year Books" is referred to, where, in a writ of conspiracy against two, the jury found one guilty and the other not guilty, and were told by the judge that their finding was contradictory;· that if one was not guilty, the other could not be guilty; and that they had better reconsider their verdict; whereupon they were taken back, and afterwards returned and found both guilty.

In *Regina* v. *Maloney,* 9 *Cox C. C.* 6, the prisoner was indicted for the willful murder of his wife. The jury brought in a verdict of guilty, and added "but we believe it was done without premeditation." The court refused to accept that verdict, and sent the jury back, saying to them, "You must say guilty or not guilty." The jury afterwards returned into court with a verdict of guilty, but recommended the prisoner to mercy on the ground that there was no evidence of premeditation. Their second verdict was recorded.

In *Regina* v. *Meany,* 9 *Cox C. C.* 231, the prisoner was indicted for obtaining certain property by false pretenses. The jury returned the following verdict: "We find the prisoner guilty of obtaining the property by false representations, but we think that he meant to pay for them." The court refused

to accept this verdict, and directed the jury to retire for further consideration of the case, instructing them that they must find the prisoner guilty or not guilty, and that if, in their opinion, he had not a fraudulent intention, they must say it by a verdict of not guilty. The jury presently came back with a verdict of guilty. It was then insisted that the court should direct the verdict first found to be recorded as being, in legal effect, a verdict of not guilty. Upon a refusal to so order, the case went to the Court of Criminal Appeal, and the action of the trial court was there sustained, Chief Baron Pollock declaring that "there is no doubt that a judge, both in a civil and criminal court, has a perfect right, and sometimes it is his bounden duty, to tell the jury to reconsider their verdict." A reading of the decision in the case last cited would seem to indicate that the appellate court intended to hold that a trial court, even in a criminal case, was not bound to receive and record any verdict which was not satisfactory to it. This cannot, however, have been intended, and the decision is plainly to be limited to verdicts of the character then under consideration; in other words, to verdicts that are either absurd or defective. This appears from the opinion of the same court in the case of *Regina* v. *Yeadon,* 9 *Cox C. C.* 91. In that case the prisoner was indicted for "an assault occasioning actual bodily harm." The jury found a verdict of "guilty of a common assault." The trial judge thereupon told the jury that they had found the defendant guilty of an offence which was not charged in the indictment, and that they must reconsider their verdict. The jury subsequently returned a verdict of "guilty of an assault occasioning bodily harm." The appellate court held that the first verdict should have been received, and set aside the conviction entered on the second.

Probably the most celebrated case, in which the question of the right of the court to refuse to accept an inaccurate verdict has been presented, was that of Rex *v.* Dean of St. Asaphs. In that case Dr. Shipley was proceeded against on an information charging him with publishing a seditious libel. The jury found the defendant "guilty of publishing only."

Mr. Justice Buller, before whom the cause was tried, refused to receive the verdict, telling the jury that the presence of the word "only" in it negatived the innuendoes. Mr. Erskine, who appeared for the defence, protested against the action of the court, and insisted that the verdict be recorded. The jury, however, withdrew, and afterward returned with a verdict of "guilty of publishing, but whether a libel or not we do not find," which was recorded. This action of Mr. Justice Buller was made the ground of an application to the Court of King's Bench for a new trial, but the application was denied. A very full report of this part of the case will be found in Lord Campbell's life of Lord Erskine. 8 *Campb. Ld. Ch.* 62.

There was no error in the refusal of the trial court to accept the verdict first rendered by the jury, and in sending them out for a further consideration of the case, nor in receiving and directing to be recorded the second verdict returned by them.

The judgment under review should be affirmed.