FELICE MALBERTI v. UNITED ELECTRIC COMPANY OF NEW JERSEY.

Submitted December 5, 1902—Decided February 24, 1903.

1. Mere imperfection or lack of form in pleading are not good grounds for demurrer.
2. A declaration will be stricken out, on notice under section 132 of the Practice act, as being so defective or so framed as to prejudice, embarrass or delay a fair trial of the action, although a demurrer would not be sustained against it.

In tort.   On demurrer.

Before GUMMERE, CHIEF JUSTICE, and Justices VAN SYCKEL, FORT and PITNEY.

For the demurrant, *Bedle, Edwards & Lawrence.*

*Contra, McEwan & McEwan.*

The opinion of the court was delivered by

FORT, J.   This is a demurrer to a declaration.   The declaration contains two counts.   Both counts are inartistically drawn; they can truly be styled imperfect and lacking in form.   It is probable that if the demurrer were not a general one, but was to the second count only, it would have been sustained.   But mere imperfection or lack of form in pleading are not now good grounds for demurrer.   *Gen. Stat., p.* 2557, § 139.

It is quite difficult to grasp the pleader's method of statement or his ground of liability on the part of the defendant company, but the court after much reflection is unable to say that the first count in the declaration does not allege a duty to the plaintiff, as one of the public, which the defendant has failed to perform, and which failure has resulted in injury to the plaintiff through no fault of his own.   It is quite evident that this declaration would be stricken out upon notice under section 132 of the Practice act as being so defective or so framed as to prejudice, embarrass or delay a fair trial of the action.   This is the better practice as was suggested in *Minucci* v. *Philadelphia and Reading Railroad Co.,* 39 *Vroom* 432.

The demurrer in this case is overruled, with costs, but without prejudice to the right of the defendant to move to strike out the declaration.